UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHADWICK RAY McBROOM,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:20-cv-01679-ACA |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Plaintiff Chadwick Ray McBroom appeals the Social Security Commissioner's denial of his claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I. PROCEDURAL HISTORY

Mr. McBroom applied for a period of disability and disability insurance benefits, alleging that his disability began on August 14, 2017. (R. at 15, 87). The Commissioner initially denied the claim (*id.* at 111–115), and Mr. McBroom requested a hearing before an administrative law judge ("ALJ") (*id.* at 171–174). After holding a hearing (r. at 31–85), the ALJ issued an unfavorable decision (*id.* at

15–39). The Appeals Council declined Mr. McBroom's request for review (*id.* at 1–6), making the Commissioner's decision ripe for the court's judicial review. *See* 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III.  ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Mr. McBroom had not engaged in any substantial gainful activity since his alleged onset date of August 14, 2017. (R. at 17). The ALJ determined that Mr. McBroom's degenerative disc disease of the thoracic and lumbar spine with disc herniation at T11-T12, lumbar radiculopathy, and obesity were severe impairments, but that his asthma and lateral epicondylitis were non-severe impairments. (*Id.* at 17–18). The ALJ concluded that Mr. McBroom did not have any impairment or combination of impairments that met or

3

equaled the severity of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 18–19).

Upon consideration of the entire record, the ALJ determined that Mr. McBroom possessed the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with a number of exertional, postural, and environmental limitations. (R. at 19). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Mr. McBroom was unable to perform his past relevant work but that other jobs exist in significant numbers in the national economy that Mr. McBroom can perform, including small products assembler, product marker, and cashier II. (*Id.* at 24–25). Accordingly, the ALJ determined that Mr. McBroom was not disabled, as defined by the Social Security Act, from August 14, 2017 through the date of the decision. (*Id.* at 26).

## IV. DISCUSSION

Mr. McBroom argues that the court should reverse the Commissioner's decision because the ALJ failed to properly apply the pain standard in evaluating his allegations of debilitating symptoms and limitations related to his back pain. (Doc. 10 at 7–19).

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that

4

confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). If the ALJ finds a claimant's statements about his symptoms are not credible, the ALJ must "provide[ ] a detailed factual basis for [the] credibility determination," which substantial evidence must support. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ found that Mr. McBroom had underlying medical conditions, and his medical records showed a history of treatment for back pain. (R. at 20). Next, the ALJ acknowledged Mr. McBroom's hearing testimony but found that his "statements about the intensity, persistence, and limiting effects of his symptoms [] are inconsistent because the medical evidence does not support" Mr. McBroom's "allegations of severe and chronic limitation of function to the degree that it would preclude the performance of all substantial gainful activity." (*Id.*). In support of this statement, the ALJ described the medical evidence in the record in detail. (*Id.* at 20–22).

Substantial evidence supports the ALJ's evaluation of Mr. McBroom's subjective complaints of pain. Much of Mr. McBroom's briefing is devoted to a recitation of medical evidence that he claims supports his allegations of disabling back pain. (Doc. 10 at 10–13). But that is not the question before this court. The

5

court reviews the Commissioner's decision only for whether "there exists such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *Henry*, 802 F.3d at 1267 (quotation marks omitted).

Here, the ALJ noted that after injuring his back at work in June 2017, an MRI revealed degenerative disc disease, and Mr. McBroom received a series of epidural injections and blocks in 2017 and 2018 to treat the pain. (R. at 20, citing *id.* at 301, 306–314, 321, 329 333). The ALJ explained that Mr. McBroom also sought treatment from the Othropaedic Center in 2017 and 2018. (*Id.* at 20). As the ALJ noted, during these visits, Mr. McBroom often complained of lower back pain and numbness in both legs, but in August 2017, his motor testing in his lower extremities revealed no focal motor deficits; his deep tendon reflexes were normal and bilaterally symmetrical; and his hip range of motion was "good" and painless. (R. at 20, citing *id.* at 374). The ALJ also explained that during a September 2017 follow up visit, Mr. McBroom reported that his LidoPro cream and patches helped his back pain "significantly." (*Id.* at 20, citing r. at 368). In addition, the ALJ noted that although Mr. McBroom complained of tingling and numbness in his buttocks, the September 2017 treatment notes contained no examination findings to support those complaints. (*Id.* at 20, citing *id.* at 368–372). The ALJ also explained that in December 2017, a physician cleared Mr. McBroom to work with some restrictions, (but that the record contained no evidence that Mr. McBroom returned to work) and

that that Mr. McBroom continued to report that his LidoPro cream helped his pain. (R. at 20, citing *id.* at 347, 360).

Next, the ALJ reviewed treatment notes from Dr. Larry Parker who Mr. McBroom saw for a surgical evaluation in June 2018. (*Id.* at 20). During this examination, Mr. McBroom had normal neurological findings in his lower extremities and normal reflexes and good range of motion in his hips, knees, and ankles. (R. at 401). Mr. McBroom also had 5/5 musculoskeletal strength. (*Id.*). Dr. Parker stated that he believed that Mr. McBroom's reported symptoms of back pain were "characteristically higher" than one would expect based on his MRI report. (*Id.*).

The ALJ then acknowledged a July 2018 MRI that revealed disc herniation at T11-T12 and disc protrusion at L5-S1. (R. at 20, citing *id.* at 389). But, in August 2018, examination findings were largely normal, and Dr. Parker still did not believe that surgery would benefit Mr. McBroom. (*Id.* at 397). Dr. Parker again indicated that he did not see anything on the MRI that would account for Mr. McBroom's complaints of pain. (*Id.*).

The ALJ also considered a September 2018 functional capacity evaluation that Dr. Brian Carter conducted which revealed "mild" diffuse tenderness across Mr. McBroom's back with a limited range of motion and some back pain with a seated straight leg raise and slump test, but that also showed that Mr. McBroom had a

normal non-antalgic gait, normal range of motion, 5/5 motor function, and no weakness. (R. at 21, citing *id.* at 435–436). The ALJ noted that Dr. Carter indicated that Mr. McBroom may have exhibited poor effort during the examination. (*Id.* at 21, citing r. at 437).

The ALJ reviewed findings from Dr. John Lary's March 2019 consultative examination of Mr. McBroom. (R. at 21). During this examination, Mr. McBroom had some limited range of motion in the back with flexion and hyperextension, his straight leg raising test was grossly abnormal, and he had generally weak muscle strength in all muscle groups. (*Id.* at 481–482). Dr. Lary noted that Mr. McBroom exhibited "typical behavior" for a back pain patient when switching positions on the exam table. (*Id.* at 481). Dr. Lary found that Mr. McBroom's back pain limited his ability to sit, stand, walk lift, carry, bend, squat, and kneel, but Dr. Lary did not specify a degree of limitation. (R. at 482).

The ALJ considered treatment notes from August 2019 indicating that Mr. McBroom continued to complain of back pain and that he experienced pain on palpation of the left and right lumbar muscles. (R. at 21, citing *id.* at 580–581). Mr. McBroom had some sensory deficits and some limited range of motion with flexion, but he had 4/5 muscle strength in his lower extremities and a negative bilateral straight leg raise. (*Id.* at 21, citing *id.* at 581). In addition, the ALJ noted that Mr.

McBroom had closed out medicals on his worker's compensation claim that he filed related to his back injury. (R. at 22).

Although some objective medical evidence may support Mr. McBroom's subjective complaints of pain, as explained above, other evidence that the ALJ relied on does not corroborate Mr. McBroom's testimony. Therefore, the court will not disturb the ALJ's clearly articulated reasons for finding that Mr. McBroom's allegations of disabling pain are not entirely consistent with the evidence of record. The court must affirm if substantial evidence supports the ALJ's finding that the claimant was not disabled during the relevant time period, even if someone else could have made a finding of disability. *See Crawford*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (holding that the court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings") (quotation marks omitted).

Mr. McBroom challenges the ALJ's reliance on his reports that LidoPro cream helped his symptoms as a basis for discrediting the full extent of his testimony about his pain. (Doc. 10 at 13). But an ALJ is expressly permitted to consider the effectiveness of mediation in evaluating a claimant's pain testimony. *See* 20 C.F.R § 404.1529(c)(3)(iv). To the extent Mr. McBroom asks the court to reach a different conclusion about the impact of Mr. McBroom's reported success with the LidoPro cream to treat his pain, the invitation is improper because the court cannot substitute its judgment for that of the Commissioner. *See Winschel*, 631 F.3d at 1178.

Mr. McBroom also claims that the ALJ erred in relying on: (1) Dr. Parker's statement that Mr. McBroom's pain was more significant than he would expect based on MRI reports because there is nothing in Dr. Parker's treatment notes that directly indicates that Dr. Parker reviewed the July 2018 MRI and what Mr. McBroom perceives as inconsistent statements in Dr. Parker's treatment notes; (2) Dr. Carter's note that Mr. McBroom appeared to exhibit poor effort on examination because the notation was in reference to an physical capacities examination that Dr Carter did not administer; and (3) Mr. McBroom's worker's compensation settlement which closed future medical benefits. (Doc. 10 at 13–14). In essence, Mr. McBroom asks the court to reweigh this evidence, which the court cannot do. *See Winschel*, 631 F.3d at 1178. Moreover, even if the ALJ erred in considering this evidence, any error was harmless because as noted above, the ALJ cited ample other proper reasons for finding Mr. McBroom's testimony only partially consistent with the record.

Finally, Mr. McBroom claims that the ALJ erred in accepting state agency medical consultant Dr. Thomas Amason's opinion as a basis for rejecting his pain testimony. (Doc. 10 at 17–18). As an initial matter, the ALJ did not rely on Dr. Amason's report in evaluating Mr. McBroom's complaints of pain. (*See* R. at 20–22). The section of the ALJ's opinion addressing Mr. McBroom's pain testimony does not directly mention Dr. Amason, and nothing contained in the ALJ's analysis

suggests that the ALJ indirectly relied on Dr. Amason's opinion in finding that Mr. McBroom's testimony was not entirely consistent with the evidence in the record. (*See id.*). But to the extent the ALJ implicitly considered Dr. Amason's opinion as a reason for rejecting Mr. McBroom's testimony, as explained above, the ALJ based her decision on other substantial evidence.

## V. CONCLUSION

For the reasons explained above, the court concludes that substantial evidence supports the ALJ's denial of Mr. McBroom's application for a period of disability and disability insurance benefits. Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 21, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE